**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

FRANK MUNIZ,

    Plaintiff,

v.                                                            No. CV 08-1106 WJ/ACT

JOE R. WILLIAMS, SECRETARY
OF CORRECTIONS NEW MEXICO
CORRECTIONS DEPARTMENT, SUED
IN HIS INDIVIDUAL CAPACITY;
UNKNOWN NAMED NEW MEXICO
CORRECTIONS DEPARTMENT OFFICIALS;
INVOLED [sic] IN POLICY MAKING, SUED
IN THEIR INDIVIDUAL CAPACITY;
UNKNOWN NAMED MAIL-ROOM STAFF
OF THE SOUTHERN NEW MEXICO
CORRECTIONAL FACILITY (SNMCF),
SUED IN THEIR INDIVIDUAL CAPACITY;
BRIAN JOHNSON, UNIT MANAGER,
OF SNMCF, SUED IN HIS INDIVIDUAL
CAPACITY; ALL UNKNOWN NAMED
SNMCF OFFICIALS INVOLVED IN
POLICY MAKING, SUED IN
THEIR INDIVIDUAL CAPACITIES;
JAMES MADRID, QUALITY
ASSURENCE [sic] OFFICER, SNMCF,
SUED IN HIS INDIVIDUAL CAPACITY;
AND FLORENCE G. MULHERON,
ACA COMPLIANCE/GRIEVANCE
OFFICER, SNMCF, SUED IN HER
INDIVIDUAL CAPACITY, ET AL.,

    Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

    This matter is before the Court *sua sponte*, under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's complaint and a number of pending motions. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). Plaintiff

is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Plaintiff's financial status, the Court finds that Plaintiff is unable to pay an initial partial payment pursuant to § 1915(b)(1). The IFP motion will be granted, and for the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 540, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names as Defendants Joe Williams, the Secretary of Corrections; Brian Johnson, Unit Manager; James Madrid, Quality Assurance Officer; Florence Mulheron, ACA Compliance/Grievance Officer; and a number of unnamed individuals. Plaintiff alleges that Defendants have intercepted his incoming and outgoing mail. He claims that Defendants' actions have violated his rights under the First and Fourteenth Amendments. The complaint seeks damages and injunctive relief.

No relief is available on Plaintiff's allegations against Defendants Williams, Madrid, or

Mulheron.  The complaint's allegations against these Defendants do not affirmatively link them to the various violations.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official.  *See id.*  Plaintiff makes no allegations at all against Defendant Madrid, or of personal involvement in local mail procedures by Department Secretary Williams.  His only allegations against Defendant Mulheron are that she issued cover memos for distribution of departmental policies and responded to certain grievances.  A plaintiff's dissatisfaction with grievance procedures generally does not give rise to a constitutional claim.  *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (quotation omitted); *Murray v. Albany County Bd. of County Comm'rs*, No. 99-8025, 2000 WL 472842, at \*\*2 (10th Cir. Apr. 20, 2000).  The complaint does not implicate these Defendants in the asserted violations, and the Court will dismiss Plaintiff's claims against them.

Plaintiff, who has recently filed a notice of transfer to a different facility, also filed a number of motions.  His Motion To Proceed Without Proper Copies To Opposing Counsel (Doc. 2) must be denied because the Court will not waive compliance with the Federal Rules of Civil Procedure.  On the other hand, the Court notes that, pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 4, 5, papers will be served on Defendants by officers of the Court.  Plaintiff's transfer has rendered moot his motions for equitable relief, including transfer to another facility (Docs. 3, 4, 10), and they will be denied.  "[T]his court has explained that a 'plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured [by the defendant]

in the future.' " *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1349 (10th Cir. 1994) (quoting *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991)) (alteration in *Cox* opinion).  And last, because the documents that Plaintiff wishes to submit are attached to his Motion To Submit Relevant Responses (Doc. 9), the motion will be denied as moot.

IT IS THEREFORE ORDERED as follows:

- Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 (Doc. 5) is GRANTED, and the initial partial payment is WAIVED;

- Plaintiff must make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he has no assets and no means by which to pay the designated filing fee.  The Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate, and Plaintiff is directed to identify all payments by the civil action number of this case;

- Plaintiff's claims against Defendants Williams, Madrid, and Mulheron are DISMISSED; and Defendants Williams, Madrid, and Mulheron are DISMISSED as parties to this action;

- Plaintiff's motions for equitable relief, including transfer to another facility (Docs. 3, 4, 10), and to submit responses (Doc. 9) are DENIED as moot; the Motion To Proceed Without Proper Copies To Opposing Counsel (Doc. 2) is DENIED; and

- the Clerk is directed to issue notice and waiver of service forms, with a copy of the Complaint, for Defendant Johnson.

_____
UNITED STATES DISTRICT JUDGE

4